NEW ENGLAND SYNDICATE, Appellee, v. EDWIN CUTLER, Appellant.

**Evidence:** REFRESHING RECOLLECTION.  Where plaintiff's agent made 1   a list of articles sold and delivered to defendant, which list he delivered to the manager of the plaintiff corporation, it was competent for the manager to use a personal memorandum made from the list for the purpose of refreshing his memory, where the original list was lost and the agent at the time could not testify from his recollection.

**Same.**  One who has made a memorandum in the usual course of business 2   may use it to refresh his recollection.

**Sales:** MEASURE OF DAMAGES: INSTRUCTIONS.  Where the defendant 3   in an action for goods sold and delivered set up a counterclaim for non-delivery of part of the articles, an instruction that the measure of damages was the difference between the contract price and the reasonable market value of similar goods in that locality was correct.

**New trial:** NEWLY DISCOVERED EVIDENCE. Where a party had testified to the contents of certain letters, but did not demand their production, he was not entitled to a new trial on the ground of newly discovered evidence consisting of carbon copies of the letters; as the same was merely cumulative in character.

*Appeal from Polk District Court.*—HON. LAWRENCE DE GRAFF, Judge.

SATURDAY, NOVEMBER 22, 1913.

THIS is an action upon an account brought by plaintiff, as assignee of the Des Moines Department Store Company, to recover the value of certain secondhand plumbing goods alleged to have been sold and delivered to defendant by plaintiff's assignor, to which defendant answered, denying generally plaintiff's petition, except he admitted receiving a small amount of goods, and also set up a counterclaim, based upon the breach of the contract for the sale and delivery of certain described plumbing goods which the said Department Store Company and plaintiff, its successor in interest, failed and refused to deliver to defendant, to the latter's damage. There was a trial to a jury, and a verdict and judgment for plaintiff for $250 and costs. Defendant appeals.—*Affirmed.*

*Blake & Blake,* for appellant.

*S. G. Van Auken,* for appellee.

PRESTON, J.—Defendant admitted receiving some of the property, and admitted that, but for the counterclaim, he would be indebted to plaintiff in the sum of $48. He filed a counterclaim for $1,000 alleged to be the difference between what defendant agreed to pay for the goods not delivered under the contract or offer and the market value. Plaintiff denied that all the goods were sold under the written offer, and denied that the offer was accepted, but alleged that the

goods were sold under another arrangement. There was such a conflict in the evidence as to the matters in dispute, and the value of the property, that we ought not to interfere with the finding of the jury.

1. In 1907 the plaintiff, or its assignor, contemplated remodeling an apartment house into a department store. This necessitated the removal of a large amount of salvage material, including washbowls, bathtubs, lava-

1. EVIDENCE: refreshing recollection.

tories, basins, sinks, and other plumbing supplies. Defendant, a dealer in such materials, went to the place, and, with the manager went over the material, each making a memorandum, the manager stating that some had been sold to other parties, and they listed what defendant could have. In a few days defendant submitted an estimate, or offer, for the items therein enumerated.

As the rooms were vacated, and the material torn out from time to time, and hauled away, the engineer in charge of the building would keep account of the material so taken, showing what was taken, and by whom. Afterwards the memorandum was turned into the department store. The items were not entered on the books of the concern, according to the testimony of the bookkeeper in charge of the books. The company failed, and a receiver was appointed.

At the trial the memorandum, showing material the engineer claims was turned over to defendant, could not be found. The manager had seen this lost list, and personally made a memorandum from it of some of the articles but not all, in a small book referred to in the record as Exhibit B. At the trial, four or five years after the transaction, the engineer was not able to testify as to the exact number of bowls, tubs, lavatories, etc., taken by the defendant.

We think the matter was connected up in such a way, and the loss of the original memorandum accounted for, so that secondary evidence thereof was admissible as to that part of the memorandum made by the manager himself. That part only of Exhibit B shown to have been made by the

person producing it was admitted in evidence, and other items therein were excluded. The part admitted shows the number of articles alleged to have been taken by defendant. This memorandum was used by the manager, who testified as a witness, to refresh his memory, and admitted in evidence for that purpose. Appellant contends this was error. We think not. Under the circumstances, the manager could have testified to the contents of the lost memorandum, and the fact that he had made a memorandum from the original could be used by him to refresh his recollection. The engineer, who made the original, had knowledge of the facts at the time the articles were delivered, though he could not at the trial testify as to the exact number of articles so taken. The memorandum book was the best evidence then obtainable as to the number of articles delivered to the defendant. See cases in *Cummings v. Insurance Co.*, 153 Iowa, 579; Jones, Evidence, Sections 874-883 (Pocket Ed.). In a proper case a copy may be used to refresh memory, if the failure to produce the original is explained. Jones, Evidence, Section 878.

Another small memorandum book, Exhibit A, was admitted over defendant's objection. This was admitted in connection with the testimony of the party who made it, and who had knowledge of the facts. This exhibit covers items amounting to $37. As to this, the same rule applies as to Exhibit B, except that Exhibit A had not been lost. Neither of these exhibits were offered or admitted as account books.

2. SAME.

2. Instruction No. 8 is complained of. It is as follows:

(8) In the event that you determine under the evidence offered and introduced upon this trial, and under the instructions as herein given, that the defendant is entitled to recover damages in some sum under his answer and counterclaim as pleaded by him, you are instructed, as a matter of law, that the measure of damages is the difference between the contract price which the defendant had agreed to

3. SALES: measure of damages: instructions.

pay for said goods, wares, and merchandise to be furnished and delivered to him, and the reasonable market value of such goods which plaintiff's assignor failed to furnish and deliver to said defendant, if you find the fact so to be, when the contract was broken and violated, if you so find.

The reasonable market value of personal property is established when other property of the same kind has been the subject to purchase and sale to such an extent that the value or price becomes fixed in that locality or market, and in this connection you are entitled to give the evidence offered and introduced in this case as to the reasonable market value of the goods, wares, and merchandise in question at the time and place in question such weight to which you deem it entitled.

In our opinion, the instruction is not erroneous as applied to the facts in this case. No instruction was asked by defendant on this point.

3. One of the grounds in the motion for new trial was alleged newly discovered evidence. This consisted of carbon copies of three letters claimed to have been written by defendant to C. C. Crowell, the president of plaintiff company. The defendant's affidavit shows that he searched for, but was unable to find, these copies until after the trial.

4. NEW TRIAL: newly discovered evidence.

We do not find in the record that he served notice on plaintiff, or its officers, to produce the originals. If he had done so, it may be they would have been produced. Two letters from Crowell to defendant were introduced in evidence at about the same dates, and it would have been proper enough for the jury to have had all the letters between the parties on this matter. But the three letters alleged to have been newly discovered were not admissible to impeach the Crowell letters, because defendant himself offered in evidence the letters from Crowell. Defendant testified as a witness to substantially all the statements made by him in the letters, so that the letters would be cumulative.

There was no error here.  There was no prejudicial error, and the judgment is *Affirmed.*

Weaver, C. J., and Ladd and Evans, JJ., concur.